```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY
```

|  |  |
|---|---|
| JAMES STEVEN BIEAR, | Hon. Noel L. Hillman |
| Petitioner, | Civil No. 13-3501 (NLH) |
| v. |  |
|  | <u>OPINION</u> |
| JORDAN HOLLINGSWORTH, |  |
| Respondent. |  |

APPEARANCES:

> JAMES STEVEN BIEAR, #62930-054
> FCI Fort Dix
> P.O. Box 2000
> Fort Dix, NJ 08640
>     *Petitioner Pro Se*
>
> DAVID VINCENT BOBER, ASSISTANT UNITED STATES ATTORNEY
> PAUL J. FISHMAN, UNITED STATES ATTORNEY
> 402 East State Street - Suite 430
> Trenton, New Jersey  08608
>     *Attorney for Respondent*

<u>HILLMAN</u>, District Judge:

James Biear filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  The BOP filed an Answer, together with a declaration and several exhibits.  Biear filed a Reply.  After reviewing the arguments of the parties, the Court finds that the BOP did not abuse its discretion and will dismiss the Petition.

I.  BACKGROUND

Federal authorities in the Southern District of New York arrested Biear on November 23, 2009.  He was released on bail the same day to New York state authorities to answer to state criminal charges and was taken into state custody.  See United States v. Biear, Crim. No. 09-1185 (PKC) (S.D.N.Y. filed Dec. 15, 2009).[1]  Pursuant to a writ of habeas corpus ad prosequendum, Biear appeared on January 4, 2010 before a United States Magistrate Judge in the Southern District of New York for a detention hearing; the Magistrate Judge revoked the previous bail conditions and ordered Biear detained.  Biear remained in the physical custody of the U.S. Marshal pursuant to the writ of habeas corpus ad prosequendum through early April 2012, appearing before the District Court on numerous occasions.  More specifically, trial began on November 8, 2010, before U.S. District Judge P. Kevin Castel.  On November 22, 2010, the jury found Biear guilty on all ten counts of a third superseding

---

[1] The indictment and superseding indictments charged Biear with crimes stemming from a scheme to defraud Kenward Elmslie, the heir to the Pulitzer fortune, for whom Biear worked as a driver and personal assistant, of his artwork, money, and other property, and further charged that Biear then profited by defrauding other victims with the proceeds of the crimes committed against Elmslie. See United States v. Biear, 2011 WL 336383 (S.D.N.Y. Jan. 31, 2011).

2

indictment.  On March 29, 2012, Judge Castel sentenced Biear to 120 months in prison and four years of supervised release.  The judgment was entered on March 30, 2012.[2]  The record indicates that on or about April 2, 2012, the U.S. Marshal returned Biear to the physical custody of New York State authorities. (ECF No. 12-1 at 11.)

On August 16, 2012, Biear was convicted in the New York Supreme Court, Westchester County, of the Class A misdemeanor of Falsely Reporting an Incident in the Third Degree and sentenced the same day to a term of "time served."  (ECF Nos. 12-1 at 23, 30.)  New York discharged him from state custody also on the same day and federal authorities took Biear into federal custody for service of his federal sentence.

On February 8, 2013, Biear filed an administrative remedy request with the Warden of FCI Fort Dix challenging the failure to give him credit against his federal sentence from November 24, 2009, through August 15, 2012.  Warden Hollingsworth denied

---

[2] Biear appealed, and on March 11, 2014, the Second Circuit affirmed. See United States v. Biear, 558 F. App'x 61 (2d Cir. 2014).  On November 10, 2014, the Supreme Court denied certiorari. See United States v. Biear, 135 S.Ct. 500 (2014). On or about November 6, 2015, Biear filed a motion to vacate his sentence, see 28 U.S.C. § 2255, arguing that counsel was constitutionally ineffective. See Biear v. United States, Civ. No. 8761 (PKC) (S.D.N.Y. filed Nov. 6, 2015).  The matter is pending. Id.

administrative relief on March 1, 2013.  Biear appealed to the Regional Director who granted relief to the extent of forwarding Biear's request to the Designation and Sentence Computation Center for review and determination as to whether he should be granted <u>nunc</u> <u>pro</u> <u>tunc</u> designation pursuant to Program Statement 5160.05, <u>Designation of State Institution for Service of Federal Sentence</u>.  Biear appealed to the Central Office.

By letter to the BOP's Designation and Sentence Computation Center dated April 8, 2013, Westchester County Assistant District Attorney Brian F. Fitzgerald confirmed that on August 16, 2012, Biear was convicted of the Class A misdemeanor of Falsely Reporting an Incident in the Third Degree and sentenced to a term of "time served."  (ECF No. 12-1 at 30.)  Fitzgerald stated that, pursuant to New York State Penal Law Section 70.15(1), a sentence of imprisonment for a class A misdemeanor in the State of New York "... shall not exceed one year." <u>Id.</u>

On April 8, 2013, the Designation and Sentence Computation Center recalculated Biear's prior custody credit and release date, finding that his sentence commenced on August 16, 2012, and that he was entitled to prior custody credit of 632 days, <u>i.e.</u>, credit for the day of November 23, 2009, and credit from

4

November 24, 2010, through August 15, 2012.  (ECF No. 12-1 at 28.)

On May 10, 2013, Harrell Watts, Administrator, National Inmate Appeals, issued a final decision on Biear's administrative appeal.  Watts found that, because Biear's New York conviction was a misdemeanor punishable by a term not to exceed one year, only "the time [Biear] spent in custody from November 24, 2009, through November 23, 2010, was included in [his] 'time served' sentence[.]" (ECF No. 1 at 24.)  Thus, Watts granted Biear's appeal to the extent that he received prior custody credit for the time from November 24, 2010 (the day after the New York sentence of one year expired), through August 15, 2012 (the day before his federal sentence commenced).  Watts denied credit for the period from November 24, 2009, through November 23, 2010.  Watts found that, because that one year was credited to Biear's New York sentence, 18 U.S.C. § 3585(b) prohibited the BOP from giving him double credit for that time against his federal sentence.  (ECF No. 1 at 24-26.)  Watts stated that the BOP exercised its discretion to deny credit for this period by <u>nunc pro tunc</u> designation, pursuant to 18 U.S.C. § 3621(b) and BOP Program Statement 5160.05,

<u>Designation of State Institution for Service of Federal Sentence</u>. <u>Id.</u>

    Biear, who is incarcerated at FCI Fort Dix in New Jersey, filed the present § 2241 Petition (under the mailbox rule) on June 1, 2013. He claims that the BOP erred and abused its discretion in failing to give him prior custody credit against his 120-month federal sentence for all the time he was detained since his federal arrest on November 23, 2009.[3] Biear argues that the BOP improperly denied <u>nunc pro tunc</u> designation, improperly interpreted his state sentence of "time served" as running from November 24, 2009, through November 23, 2010, failed to recognize that he was under the primary jurisdiction of federal authorities during his pretrial detention period because federal authorities took him into custody first, and failed to recognize that U.S. Sentencing Guideline § 5G1.3(b) permits adjustment of the sentence if the time in state detention is related to the federal offense.

    The government argues that the BOP correctly calculated Biear's federal release date, the BOP did not abuse its

---

[3] Since the BOP's final administrative decision granted Biear prior custody credit for November 23, 2009, and from November 24, 2010, through August 15, 2012, the only time in controversy is the one year (November 24, 2009 - November 23, 2010) that was credited to Biear's New York sentence.

discretion in refusing to nunc pro tunc designate the New York prison facility of the place for service of Biear's federal sentence during this one-year period, and there is no evidence that the federal sentencing judge intended to adjust Biear's federal sentence under U.S. Sentencing Guideline § 5G1.3.

## II.   DISCUSSION

A.   Jurisdiction

Under 28 U.S.C. § 2241(c), habeas jurisdiction "shall not extend to a prisoner unless . . . [h]e is in custody in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  A federal court has subject matter jurisdiction under § 2241(c)(3) if two requirements are satisfied:  (1) the petitioner is "in custody" and (2) the custody is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); Maleng v. Cook, 490 U.S. 488, 490 (1989).  This Court has subject matter jurisdiction under § 2241 to consider the instant Petition because Petitioner challenges the calculation of his sentence on federal grounds and he was incarcerated in New Jersey at the time he filed the Petition.  See Blood v. Bledsoe, 648 F. 3d 203 (3d Cir. 2011); Vega v. United States, 493 F. 3d 310, 313 (3d Cir. 2007); Woodall v. Fed. Bureau of Prisons, 432 F.3d 235, 241

7

(3d Cir. 2005); <u>Barden v. Keohane</u>, 921 F.2d 476, 478-79 (3d Cir. 1991).

B.  <u>Standard of Review</u>

Insofar as the BOP reviewed Petitioner's request challenging the calculation of his sentence, this Court's review is limited to the abuse of discretion standard.  <u>See</u> <u>Galloway v. Warden of FCI Fort Dix</u>, 385 F. App'x 59, 61 (3d Cir. 2010); <u>Barden</u>, 921 F.2d at 478.  Under this standard, a reviewing court must find that the actual choice made by the agency was neither arbitrary nor capricious.  <u>See</u> <u>C.K. v. N.J. Dep't of Health & Human Services</u>, 92 F.3d 171, 182 (3d Cir. 1996).  "[A]gency action must be set aside if the action was 'arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law'...." <u>Citizens to Preserve Overton Park v. Volpe</u>, 401 U.S. 402, 414 (1971), <u>overruled on other grounds</u>, <u>Califano v. Sanders</u>, 430 U.S. 99 (1977) (quoting 5 U.S.C. § 706(2)(A)).  To make a finding that agency action was not arbitrary or capricious, or an abuse of discretion, a court must review the administrative record that was before the agency, and "must consider whether the decision was based on a consideration of the relevant factors and whether there has been a clear error of judgment. . . .  Although this inquiry into the facts is to

be searching and careful, the ultimate standard of review is a narrow one. The Court is not empowered to substitute its judgment for that of the agency." Overton Park, 401 U.S. at 416. Reversal of agency action is warranted "[i]f the record before the agency does not support the agency action, if the agency has not considered all relevant factors, or if [the court] simply cannot evaluate the challenged agency action on the basis of the record before [it]." C.K., 92 F.3d at 184 (quoting Florida Power & Light Co. v. Lorion, 470 U.S. 729, 744 (1985)).

C. Analysis

The United States Code specifies when a federal sentence commences, see 18 U.S.C. § 3585(a), and requires the BOP to award prior custody credit for time served prior to commencement of the sentence which has not been credited against another sentence, see 18 U.S.C. § 3585(b). Specifically, § 3585 provides, in relevant part:

> (a) **Commencement of sentence**.--A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
>
> (b) **Credit for prior custody**.--A defendant shall be given credit toward the service of a term of imprisonment for any time he has

9

> spent in official detention prior to the date the sentence commences–
> (1) as a result of the offense for which the sentence was imposed; or
> (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed; that has not been credited against another sentence.

18 U.S.C. § 3585(a), (b).

In addition, 18 U.S.C. § 3621(b) requires the BOP to designate the place of imprisonment once a federal sentence commences:

> (b) **Place of imprisonment.**-- The Bureau of Prisons shall designate the place of the prisoner's imprisonment.  The Bureau may designate any available penal or correctional facility that meets minimum standards of health and habitability. . . . , that the Bureau determines to be appropriate and suitable, considering--
>
> (1) the resources of the facility contemplated;
>
> (2) the nature and circumstances of the offense;
>
> (3) the history and characteristics of the prisoner;
>
> (4) any statement by the court that imposed the sentence [that articulated the purpose behind the sentence or offered a recommendation for placement] . . .
> (5) any pertinent policy statement issued by the Sentencing Commission pursuant to section 994(a)(2) of title 28.

18 U.S.C. § 3621(b).

In this case, the BOP found that Biear's federal sentence commenced on August 16, 2012, the date on which New York sentenced Biear to "time served," discharged him from New York custody, and federal authorities took permanent custody. (Sentence Monitoring Computation Data for James Biear dated Nov. 25, 2013, ECF No. 12-1 at 28.)  This determination complies with 18 U.S.C. § 3585(a), which provides that "[a] sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served."  Accordingly, the BOP did not abuse its discretion in determining that the 120-month sentence commenced on August 16, 2012.

The next step in calculating an inmate's release date is to determine "whether the prisoner is entitled to any credits toward his sentence [pursuant to] 18 U.S.C. § 3585." Blood, 648 F.3d at 207.  In its final decision, the BOP granted Biear prior custody credit for November 23, 2009 (the date federal authorities arrested him and released him on bail), and from November 24, 2010 (the day after his New York sentence expired), through August 15, 2012 (the day before his federal sentence commenced).  The dispute in this case focuses on whether the BOP

11

abused its discretion in determining that Biear was not entitled to prior custody credit under § 3585(b)(2) for the one year (November 24, 2009 - November 23, 2010) that was credited to his New York sentence.

First, Biear argues that this one year period should be credited against his federal sentence because federal authorities had primary jurisdiction over him due to the fact that federal authorities arrested him on November 23, 2009, the day before state authorities arrested him.[4]  The BOP found that the federal court relinquished primary jurisdiction over Biear when it released him on November 23, 2009, on bail; that New York state had primary jurisdiction over Biear as a result of his November 24, 2009, arrest; and that New York state did not relinquish jurisdiction over Biear until August 16, 2012.[5]

Biear is correct that, where a defendant faces prosecution by both state and federal authorities, under the primary

---

[4] Biear argues that the "BOP fails to recognize the sovereign which first arrested the offender has primary jurisdiction over the offender." (Petition, ECF No. 1 at 12.)

[5] Watts found that "on November 23, 2009, you were arrested by federal officials, made your initial appearance in federal court and then released on bond.  On November 24, 2009, you were taken into local custody on charges related to False Sworn Statements.  This arrest placed you under the primary jurisdiction of the state."  (ECF No. 1 at 24.)

12

jurisdiction doctrine, the first sovereign to arrest the defendant has primary jurisdiction and is entitled to have the defendant serve that sovereign's sentence before service of the sentence imposed by the other sovereign. See Taccetta v. Fed. Bur. of Prisons, 606 F. App'x 661, 663 (3d Cir. 2015); Bowman v. Wilson, 672 F.2d 1145, 1153 (3d Cir. 1982).  However, a sovereign relinquishes primary jurisdiction by releasing an arrestee on bail. See Taccetta, 606 F. App'x at 663 (citing United States v. Cole, 416 F.3d 894, 897 (8th Cir. 2005)); Davis v. Sniezek, 403 F. App'x 738, 740 (3d Cir. 2010).  In this case, although federal authorities arrested Biear first, the federal court relinquished primary jurisdiction over Biear by releasing him on bail on November 23, 2009. Id.  New York took primary jurisdiction when New York authorities arrested him on November 24, 2009.  Although Biear was in the physical custody of federal officials from approximately January 4, 2010, through April 2, 2012, this temporary transfer of Biear to federal authorities pursuant to a writ of habeas corpus ad prosequendum did not constitute relinquishment of primary jurisdiction by New York. See Rios v. Wiley, 201 F.3d 257, 274-75 (3d Cir. 2000), superseded on other grounds, see United States v. Saintville, 218 F.3d 246, 249 (3d Cir. 2000).

Thus, the BOP correctly found that New York obtained primary jurisdiction on November 24, 2009, and did not relinquish primary jurisdiction over Biear until August 16, 2012, the date on which New York sentenced him to "time served" and discharged him from state custody.

Next, Biear challenges the BOP's determination that the New York sentence of "time served" was a one-year term of imprisonment from November 24, 2009, through November 23, 2010. The record shows that a New York state prosecutor informed the BOP's Designation and Sentence Computation Center that Biear was found guilty of a Class A misdemeanor and that a class A misdemeanor sentence was limited to a one-year term.  As the sentence of "time served" was imposed on August 16, 2012, and New York had primary jurisdiction over Biear from November 24, 2009, through August 15, 2012, the BOP did not abuse its discretion in considering Biear's state sentence to be one year, which ran from November 24, 2009, through November 23, 2010.

Third, Biear argues that the BOP abused its discretion in refusing to give him prior custody credit for this one year by nunc pro tunc[6] designating the place for service of his federal

---

[6] "The Latin phrase 'nunc pro tunc' means 'now for then' and 'permits acts to be done after the time they should have been done with a retroactive effect.'" Sarango v. Attorney General of

14

sentence.  Biear asserts that the BOP "incorrectly allege[d] a Civil Contempt of Court issue, being part of Biear's criminal history," and improperly relied on a single pretrial code violation. (ECF No. 1 at 11-12.)

Although the BOP has the power under 18 U.S.C. § 3621 to effectively give an inmate double credit by nunc pro tunc designating the place of confinement for a federal sentence, see Setser v. United States, 132 S.Ct. 1463, 1467-68 (2012), the BOP did not have the power to do so for the time period Biear seeks, i.e., from November 24, 2009, through November 23, 2010.  This is because Biear's federal sentence commenced on August 16, 2012; the time period for which Biear seeks nunc pro tunc credit is from November 24, 2009, through November 23, 2010; but 18 U.S.C. § 3585(b) prohibits the BOP from giving a prisoner double credit through a nunc pro tunc designation for time served *prior to commencement* of the federal sentence.[7]  Even if the BOP had found that Biear's federal sentence commenced on the date it was

---

U.S., 651 F.3d 380, 382 n.2 (3d Cir. 2011) (quoting Barden v. Keohane, 921 F.2d 476, 478 n.2 (3d Cir. 1990)).

[7] See United States v. Wilson, 503 U.S. 329, 333 (1992) ("[T]he final clause of § 3585(b) allows a defendant to receive credit only for detention time 'that has not been credited against another sentence.'").

imposed – March 29, 2012 – and then nunc pro tunc designated the place of federal confinement, it would not help Biear.  The BOP had already given him prior custody credit for the time between March 29, 2012, and August 15, 2012 (because this time was not credited to his state sentence), and a federal sentence can not commence under 18 U.S.C. § 3584(a) before it was imposed.[8]

Finally, Biear argues that the BOP "fail[ed] to recognize [that] the present version of 5G1.3 permits 'adjustment' if the time in State detention is related to the Federal offense (5G1.3(b)), which is the case in this matter."  (ECF No. 1 at 12.)  However, the sentencing court, not the BOP, has the power to determine whether to run a federal sentence concurrently or

---

[8] See, e.g., Blood, 648 F.3d at 208 (holding that the BOP's interpretation of § 3585 – that "[i]n no case can a federal sentence of imprisonment commence earlier than the date on which it is imposed" - is entitled to deference); Prescod, Jr. v. Schuykill, 630 F. App'x 144, 147 (3d Cir. 2015)(holding that the BOP did not abuse its discretion in denying nunc pro tunc designation because "a federal sentence cannot commence before it is imposed, 18 U.S.C. § 3585(a), and Prescod points to no authority that holds that a nunc pro tunc designation would operate to commence a sentence earlier."); Rashid v. Quintana, 372 F. App'x 260 (3d Cir. 2010)(holding that the BOP properly denied nunc pro tunc designation for time served in state custody prior to commencement of federal sentence because the federal sentence could not commence under § 3584(a) before it was imposed and because § 3585(b) prohibits double credit through a nunc pro tunc designation for time served prior to commencement of the federal sentence where that time was credited against a state sentence).

consecutively to a state sentence, see Setser, 132 S.Ct. at 1469, and Biear does not allege that the District Judge who imposed his sentence adjusted it pursuant to U.S. Sentencing Guideline § 5G1.3(b)(1).

### III.  CONCLUSION

To summarize, Biear has not shown that the BOP abused its discretion in denying his request for credit against his federal sentence for the period from November 24, 2009, through November 23, 2010.  The Court will dismiss the Petition for a writ of habeas corpus.  An appropriate Order accompanies this Opinion.

                                                s/Noel L. Hillman
                                                NOEL L. HILLMAN, U.S.D.J.

Dated:  August 2, 2016

At Camden, New Jersey