```
               UNITED STATES DISTRICT COURT
                  DISTRICT OF NEW JERSEY
```

| | |
|---|---|
| JAMES STEVEN BIEAR, | |
| Petitioner, | Civil No. 13-3501 (NLH) |
| v. | |
| JORDAN HOLLINGSWORTH, | **OPINION** |
| Respondents. | |

APPEARANCES:

    JAMES STEVEN BIEAR, #62930-054
    FCI McKean
    P.O. Box 8000
    Bradford, PA 16701
        *Petitioner Pro Se*

    DAVID VINCENT BOBER, ASSISTANT UNITED STATES ATTORNEY
    PAUL J. FISHMAN, UNITED STATES ATTORNEY
    402 East State Street - Suite 430
    Trenton, New Jersey  08608
        *Attorney for Respondent*

HILLMAN, District Judge:

    James Biear filed a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241 challenging the calculation of his projected release date by the Bureau of Prisons ("BOP").  By Order and accompanying Opinion entered on August 2, 2016, this Court dismissed the Petition.  By letter dated August 13, 2016, Biear seeks reconsideration of denial of his Petition.  The motion for reconsideration will be denied.

    L. Civ. R. 7.1(i) provides for reconsideration upon a showing that dispositive factual matters or controlling

decisions of law were overlooked by the court in reaching its prior decision.  Reconsideration is an extraordinary remedy and granted sparingly.  See Blystone v. Horn, 664 F.3d 397, 415 (3d Cir. 2011).  The three principal grounds for relief are (1) an intervening change in controlling law has occurred; (2) evidence not previously availably has become available; or (3) it is necessary to correct a clear error of law or prevent manifest injustice.  See Wiest v. Lynch, 710 F.3d 121, 128 (3d Cir. 2013) (citing Lazaridis v. Wehmer, 591 F.3d 666, 669 (3d Cir. 2010)).  The motion can succeed only if the overlooked matters might reasonably have resulted in a different conclusion by the court.

   Biear's letter requesting reconsideration refers to a prior letter dated July 30, 2016, in which he states:  "I believe the interpretation of [my sentence of time served] being 1 year, conflicts with 'only the legislature can define crimes and fix punishments.'  This interpretation also ignores the 'rule of lenity [changing a time served sentence to 1 year w/o any good time credit considerations].'" (ECF No. 18 at 1.)

   Biear argued in his Petition that the BOP had improperly determined that his New York sentence of "time served" was a one-year term of imprisonment running from November 24, 2009, through November 23, 2010.  This Court rejected the argument, finding that the BOP had not abused its discretion:

2

> The record shows that a New York state prosecutor informed the BOP's Designation and Sentence Computation Center that Biear was found guilty of a Class A misdemeanor and that a class A misdemeanor sentence was limited to a one-year term.  As the sentence of "time served" was imposed on August 16, 2012, and New York had primary jurisdiction over Biear from November 24, 2009, through August 15, 2012, the BOP did not abuse its discretion in considering Biear's state sentence to be one year, which ran from November 24, 2009, through November 23, 2010.

(ECF No. 16 at 14.)

Biear advances no change in controlling law nor evidence not previously available that has become available.  Biear does not point to a clear error of law or the need to prevent manifest injustice.  Accordingly, Biear is not entitled to reconsideration.  The Court will file an Oder denying the request.

```
                                    s/Noel L. Hillman
                                  NOEL L. HILLMAN, U.S.D.J.
```

Dated:  September 1, 2016

At Camden, New Jersey

3